IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN JAY CLARK, ID # 00635137, )<br>Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | | No. 3:08-CV-2295-K (BH)<br><br>Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Petitioner is a state inmate currently or previously incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). On December 31, 2008, the Court received his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis*. On January 6, 2009, the Court issued a notice of deficiency and order advising petitioner that his motion was not accompanied by the required certificate of trust account. On January 22, 2009, the notice was returned to the Court with the following notation:

> Return to Sender
> Not Deliverable as Addressed
> Unable to Forward

To date, petitioner has not filed a change of address.

I. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an

action for failure to prosecute. This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (habeas action). Petitioner has failed to notify the Court of his change in address, and an order of the Court has been returned as undeliverable. Petitioner has given no indication that he intends to proceed with this action. Accordingly, the Court should dismiss his petition for want of prosecution.

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** this 26th day of **January, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE